# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2712 | **DATE** | 3/28/2003 |
| **CASE TITLE** | Sandra Lozado-Boulware vs. John W. Snow | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment [4-1] is granted in part and denied in part. Status hearing is set for 4/21/03 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | 2 | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | MAR 3 1 2003 | |
| | Notified counsel by telephone. | | | date docketed | 10 |
| | Docketing to mail notices. | | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 3/28/2003 | |
| | | | 03 MAR 28 PM 2:28 | date mailed notice | |
| | MD | courtroom deputy's initials | FILED-TO | MD | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SANDRA LOZADO-BOULWARE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN W. SNOW,[1] Secretary, Department of ) <br> the Treasury, ) <br> ) <br> Defendant. ) <br> ) | No. 02 C 2712 <br> Judge Joan H. Lefkow <br><br> **DOCKETED** <br> MAR 3 1 2003 |

## MEMORANDUM OPINION AND ORDER

In this action brought by plaintiff, Sandra Lozado-Boulware ("Lozado-Boulware"), alleging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.*, defendant, John W. Snow ("the Secretary"), Secretary of the Department of Treasury ("the Agency"), has moved under Rule 12(b)(6), Fed. R. Civ. P., to dismiss Lozado-Boulware's Complaint. The court construes the Secretary's motion as a motion for summary judgment under Rule 56, Fed. R. Civ. P., and for the reasons set forth below, the court grants the motion in part and denies it in part.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and

---

[1]Under Fed. R. Civ. P. 25(d)(1), Mr. Snow, as successor in office to Paul O'Neill, is automatically substituted as defendant.



assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986). In response, the nonmoving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the nonmoving party as well as view all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## BACKGROUND

Lozado-Boulware was employed by the Agency, within the Internal Revenue Service ("IRS"), as a Tax Examining Assistant at the Illinois District, Special Procedures Branch office in Chicago. On October 25, 1996, Lozado-Boulware was involved in a confrontation with a co-worker. On October 28, 1996, Lozado-Boulware submitted a claim for benefits to the Office of Workers Compensation Programs ("OWCP") claiming that she injured her back during the October 25 confrontation.

On February 24, 1997, the IRS provided Lozado-Boulware a letter informing her that the Agency intended to fire her because she had failed to follow managerial directives, she had engaged in unsuitable conduct, and she had submitted a false Form CA-1, Federal Employee's

2

Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation. (Letter from Jeffrey Stetina to Sandra Lozado-Boulware, attached as Def. Ex. 1.) On June 27, 1997, the Agency informed Lozado-Boulware that the reasons for her removal were sustained and that she would be fired effective July 11, 1997. (Letter from Robert Brock to Sandra Lozado-Boulware, attached as Def. Ex. 2.) This letter also informed Lozado-Boulware that she could appeal to the Merit Systems Protection Board ("MSPB"), and that if she believed the decision was based on impermissible discrimination she could appeal to the MSPB or file an Equal Employment Opportunity ("EEO") complaint with the Agency. (*Id.*)

Lozado-Boulware appealed her removal to the MSPB on August 6, 1997. (August 6, 1997 MSPB Appeal Form, attached as Def. Ex. 3.) In this appeal, in addition to asserting her civil service rights,[2] Lozado-Boulware (who was then represented by counsel) alleged that her removal was based on race and sex discrimination. (*Id.* ¶ 31.b) Her appeal also recited (*id.* ¶ 32.b-d) that she had filed a formal discrimination complaint with the Agency on July 8, 1997. (Although the form directs "Attach a copy" of the EEO complaint, no copy of such an attachment is of record.) During a hearing that commenced on October 20, 1997, Lozado-Boulware withdrew her race and sex discrimination allegations from her appeal. (*See* Dec. 17, 1997 Initial Decision by MSPB Admin. Judge Nina Puglia, attached as Def. Ex. 4.) On December 17, 1997, the administrative judge affirmed the Agency's removal action. (*Id.* at 12.)

Lozado-Boulware petitioned for a review of the initial decision by the full MSPB (the "Board"), which was denied on July 9, 1998. (July 9, 1998 Board Order, attached as Def. Ex. 5.)

---

[2]Herein the term "civil service rights" or "civil service claims" refers to an employee's rights under 5 U.S.C. §§ 2101 *et seq.*, as distinct from Title VII-type discrimination claims.

Lozado-Boulware appealed that decision to the United States Court of Appeals for the Federal Circuit. In her appeal, Lozado-Boulware argued that the Agency failed to prove the charges against her and that the discipline was disproportionate. (Initial Form Brief of Petitioner, attached as Def. Ex. 6.) The court of appeals denied her appeal on November 2, 1999. (*Boulware* v. *Dep't of the Treasury*, No. 98-3337, 1999 WL 515479 (Fed. Cir. Nov. 2, 1999), attached as Def. Ex. 7.)

Lozado-Boulware first asserted allegations of discrimination on January 7, 1997, when she contacted an EEO counselor at the Agency claiming discrimination on the basis of color, race, national origin and sex concerning the discipline meted out after the October, 1996 confrontation. (EEO Counseling Report, attached as Def. Ex. 8.) After failing to resolve the dispute informally, on April 16, 1997 Lozado-Boulware filed an Individual Complaint of Employment Discrimination ("EEO complaint") with the Agency. ( Def. Ex. 9.)[3] The Agency's Regional Complaint Center accepted the administrative complaint for processing and investigation of two issues: whether Lozado-Boulware was discriminated against on the basis of her age, race, sex, or national origin and whether she was retaliated against based on prior EEO activity when (1) the Agency provided her the February 24, 1997 letter proposing her removal and (2) her manager allegedly delayed processing her OWCP forms. (April 30, 1997 letter from Dorian Morley to Sandra Lozado-Boulware, attached as Def. Ex. 10.) All these steps in the EEO process occurred before the Agency reached its final decision to fire Lozado-Boulware on June 27, 1997.

---

[3]Because this is the only EEO complaint of record, all references to Lozado-Boulware's EEO complaint are to the April 16, 1997 filing unless specifically stated otherwise.

On December 15, 1997, the District Director of the EEOC notified Lozado-Boulware that an EEOC administrative judge, in a recommended decision dated December 9, 1997, proposed dismissing Lozado-Boulware's discrimination claims concerning her termination pursuant to 29 C.F.R. § 1614.107(a)(5), on the basis that the claim rested on a proposed, rather than actual, removal.[4] (Recommended Decision at 6-7; Def. Ex. 11.). The administrative judge also concluded that Lozado-Boulware had abandoned her discrimination allegations based on delay in processing the OWCP forms (*id.* at 2, n.1) and that, because Lozado-Boulware had never participated in any protected EEO activity prior to contacting the EEO counselor in January 1997, she could not prove that the alleged delay was due to retaliation. (*Id.* at 8-9.)[5]

On January 30, 1998, the Agency adopted the administrative judge's recommended decision and issued a Final Agency Decision rejecting Lozado-Boulware's EEO Complaint. (January 30, 1999 Final Agency Decision, attached as Def. ex. 12.) Lozado-Boulware appealed that decision to the EEOC Office of Federal Operations, which rejected her appeal on March 5, 1999. (*Lozado-Boulware* v. *Rubin*, No. 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X, 1999 WL 139398, (EEOC March 5, 1999); Def. Ex. 13.) In that decision, the Office of Federal Operations took judicial notice that the Board had finally upheld the removal on July 9, 1998. Lozado-Boulware filed a Request for Reconsideration which was denied on July 30, 2001. (Def. Ex. 14.)

---

[4] 29 C.F.R. § 1614.107(a)(5) provides for dismissal of an EEO complaint which "... alleges that a proposal to take a personnel action, or other preliminary step to taking a personnel action, is discriminatory."

[5] The court is unable to discern precisely what Lozado-Boulware intended to claim regarding delay. It appears, however, that she filed an OWCP claim on October 28, 1996 and it was approved with a return to work date of January 7, 1997, which is the day she first asserted protected rights by contacting the EEO counselor. Thus, the administrative judge was correct that the delay could not have been retaliation for later-asserted Title VII rights.

On October 25, 2001, Lozado-Boulware filed this action in the United States District Court for the Northern District of Indiana. Because venue was improper in that District and, pursuant to an order entered on April 4, 2002, the case was transferred to this court. The Secretary then filed a motion to dismiss, which this court has given the parties notice that it will construe as a motion for summary judgment because of the need to consider evidence outside of Lozado-Boulware's form Complaint.

## DISCUSSION

The Secretary presents two grounds for dismissal of Lozado-Boulware's Complaint: (1) the doctrine of *res judicata* bars Lozado-Boulware's litigation of discrimination claims based on her termination, and (2) the remaining allegations fail to state a claim upon which relief may be granted. Plaintiff, who proceeds *pro se*, merely argues that the MSPB, the Board, and the Agency were wrong and she should be reinstated to her job.[6] Resolution of this case requires the court to examine the choices of forum available to federal employees who pursue remedies based on employment discrimination.

### A. Res judicata

A federal employee seeking review of an agency's adverse civil service decision, such as termination, may appeal any such decision to the MSPB. *See* 5 U.S.C. §§ 1204, 7513(d) and 7701. An employee who claims that her termination "was effected, in whole or in part," because of prohibited discrimination, has a "mixed case." 29 C.F.R. § 1614.302(a). To seek redress,

---

[6]Because she is a *pro se* litigant, the court reads Lozado-Boulware's pleadings liberally. Nevertheless, Lozado-Boulware must understand that this case is not about whether her civil service complaint was decided correctly. Rather, at most, she can claim here that she was treated less favorably than white employees or male employees when she was removed from her position.

that employee has two options: (1) she may filed a "mixed case complaint" with the agency, 29 C.F.R. § 1614.302(a)(1), or (2) she may file a "mixed case appeal" with the MSPB. 29 C.F.R. § 1614.302(a)(2). The employee may choose between the EEO forum and an MSPB appeal but cannot pursue both. 29 C.F.R. § 1614.302(b). Moreover, in mixed cases an employee is deemed to elect a forum by filing either an EEO complaint with the agency or an MSPB appeal. *Id.* If she files both, the employee is deemed to have elected the first-filed forum. *Id.*

Where an EEO complaint is filed first, the MSPB dismisses the mixed case appeal without prejudice, 5 C.F.R. § 1201.154(c), and advises the employee that she must file her appeal to the MSPB within 30 days after resolution of or final decision on the EEO complaint, *see* 5 C.F.R. § 1201.154(b)(1) (or if 120 days has passed without an agency decision on the EEO claims, the employee may refile her MSPB appeal (*i.e.*, proceed with a mixed case appeal) to the MSPB. 5 C.F.R. § 1201.154(b)(2)). The way the MSPB knows whether an EEO complaint has been filed is from the appeal form, which inquires whether an EEO complaint has been filed with the employing agency. *See Whittington v. Merit Sys. Prot. Bd.*, 80 F.3d 471, 473 (Fed. Cir. 1996); 5 C.F.R. § 1201.153(b).

Where the adverse action is upheld, *i.e.*, a mixed case appeal is finally decided by the Board, or a mixed case complaint is finally decided by the agency, the employee may appeal either to the EEOC Office of Federal Operations or to the district court.[7] *See Morales v. Merit*

---

[7]After a final decision of the Board (or after the passage of 120 days), the employee may appeal her discrimination claims to the EEOC's Office of Federal Operations, *see* 5 U.S.C. § 7702(b)(1); 5 C.F.R. § 1201.157, or appeal the entire claim (or any parts thereof) to the appropriate district court. *Chaney v. Rubin*, 986 F. Supp. 516, 520 (N.D. Ill. 1997); *Butler v. West*, 164 F.3d 634, 639 (D.C. Cir. 1999), citing 5 U.S.C. § 7703(b); 5 C.F.R. § 1201.175, 29 C.F.R. § 1614.310(b). After a final decision of the agency (or after the passage of 120 days) the employee may, likewise, appeal the claims of her EEO complaint to the Office of Federal Operations, *see* 29 C.F.R. § 1614.401(a), appeal to the MSPB, *see* 29 C.F.R. § 1614.302(d)(1)(ii), or file a civil action in a district court. *See* 29 C.F.R. § 1614.310(a).

7

*Sys. Prot. Bd.* 932 F.2d 800, 802 (9th Cir. 1991) (Judicial review of a mixed case appeal is through an action filed in district court, which has jurisdiction to hear the entire claim; claims involving discrimination are reviewed *de novo* by the district judge, and nondiscrimination claims are reviewed on the administrative record.); *Sloan v. West*, 140 F.3d 1255, 1259-60 (9th Cir. 1998) (Employee choosing to file EEO complaint may appeal unfavorable decision to the MSPB, file suit in federal court, or pursue an appeal of the EEO decision with the EEOC.). The Federal Circuit does not hear discrimination claims. *Lang v. Merit Sys. Prot. Bd.*, 219 F.3d 1345, 1347 n.2 (Fed. Cir. 2001) ("We are not empowered to decide discrimination claims in mixed cases.").

Within 30 days after Lozado-Boulware's termination was effective, she timely filed a mixed case appeal. By operation of the above-cited regulations, because Lozado-Boulware represented on her mixed case appeal that she had already filed an EEO complaint, three outcomes were possible: (1) The MSPB could have dismissed the appeal without prejudice to allow the EEO process to be fulfilled. *See Ballentine v. Merit Sys. Prot. Bd.*, 738 F.2d 1244, 1248 (Fed. Cir. 1984) (Board was correct to dismiss for lack of jurisdiction where petitioner had previously filed an EEO complaint and had not waited to file his appeal at the MSPB until either the agency decided the discrimination appeal or until 120 days had passed.). (2) The MSPB administrative judge could have retained jurisdiction if Lozado-Boulware withdrew her EEO complaint at the Agency, which is apparently what happened here. (3) Lozado-Boulware could have withdrawn her EEO complaint at the Agency and presented her discrimination claims to the MSPB, *i.e.*, proceeded with a mixed case appeal under 5 U.S.C. § 7702(a)(1)(b).

The record does not reveal precisely why Lozado-Boulware withdrew her EEO claims (the transcript of the MSPB hearing was not provided). On the face of it, because the administrative judge believed she lacked jurisdiction unless Lozado-Boulware withdrew the EEO complaint at the Agency, Lozado-Boulware was given a choice between withdrawing her EEO complaint so she could go forward with her civil service hearing, or maintaining her EEO complaint on pain of dismissal without prejudice of her civil service appeal.[8]

In any event, by withdrawing her discrimination claims, Lozado-Boulware converted her mixed case appeal to an ordinary civil service appeal. Thereafter, Lozado-Boulware's appellate rights regarding her civil service claims culminated in the Federal Circuit. *Boulware v. Dep't of the Treasury*, 1999 WL 515479, at *2. Nevertheless, Lozado-Boulware's EEO complaint remained pending at the Agency and eventually wended its way to the Office of Federal Operations and now to this court.

The Secretary argues that Lozado-Boulware's discrimination claims are barred by the doctrine of *res judicata*, which disallows the litigation of a claim decided on the merits in a previous suit that included the parties or their privies. *Bethesda Lutheran Homes & Serv., Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001). "*Res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." *Brzostowski v. Laidlaw Waste Sys.*, 49 F.3d 337, 338 (7th Cir. 1995). Three elements are required for *res judicata* to bar a suit: (1) an identity of the parties or their privies; (2) an identity

---

[8]*Economou v. Caldera*, 286 F.3d 144, 146 (2d Cir. 2002), indicates that the normal MSPB procedure, in a circumstance where the appeal reflects that an EEO complaint has been filed, is promptly after receiving the mixed case appeal to issue an Order to Show Cause why the case is within the MSPB's jurisdiction. Such a notice would allow the employee to clarify her election.

9

of the causes of action; and (3) a final judgment on the merits. *People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 177 (7th Cir. 1995). The Secretary contends that all factors for *res judicata* are met, in that clearly the MSPB case and this action involve the same parties or their privies; the MSPB case resulted in a final judgment when ultimately decided by the Federal Circuit; moreover, the two cases involve the same cause of action, *i.e,* "a single core of operative facts which give the plaintiff a right to seek redress for the wrong concerned," *Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir. 1982), in that Lozado-Boulware's MSPB appeal and her district court complaint both arise out of the IRS's decision to fire her.

If Lozado-Boulware knowingly abandoned the discrimination claims of her mixed case complaint *and* her mixed case appeal in order to avoid dismissal of her civil service appeal, she forfeited her opportunity to pursue those claims. In *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461 (1982), a case of state administrative review, the Court held that an administrative agency's adjudication of an employment discrimination claim, once reviewed and affirmed by a state court, bars later Title VII litigation of the claims raised and those that could have been raised before the state agency. That principle, applied here, is that once the Board's decision was reviewed by a federal court, later litigation of claims that were not but could have been presented to the administrative agency is barred. Lozado-Boulware could have raised her EEO claims before the MSPB and she did not, or she could have dismissed her MSPB appeal in order to pursue her EEO claims at the Agency and she did not.[9] Thus, she cannot litigate them now.

---

[9] If she had done either, the final judgment on the merits would not have been in the Federal Circuit but in a district court. Because she did neither, her final judgment on the merits was in the Federal Circuit, which has no jurisdiction over discrimination claims. But the fact that the Federal Circuit could not have decided the discrimination claims does not exempt Lozado-Boulware from the *res judicata* principles because her own choice not to pursue her EEO claims landed her in the Federal Circuit rather than the district court, which has jurisdiction over discrimination claims.

Having said this, however, the court believes summary judgment must be denied without prejudice because it is not absolutely clear that Lozado-Boulware knowingly waived her Title VII claims, for the following reason. The record does not reflect whether the MSPB administrative judge appropriately advised Lozado-Boulware of her choices at the time she withdrew her discrimination claims. Discrimination laws are remedial and are to be construed liberally in favor of the employee. *Babrocky* v. *Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985). This is particularly appropriate where the employee is misled or is understandably confused by the complexity of the process. *See Economou*, 286 F.3d at 146 n.3, citing *South* v. *Saab Cars U.S.A. Inc.*, 28 F.3d 9, 11-12 (2d Cir. 1994); *Miller* v. *Int'l Tel. and Tel.Corp.*, 755 F.2d 20, 25 (2d Cir. 1985) and *Smith* v. *Amer. President Lines, Ltd.*, 771 F.2d 102, 109 (2d Cir. 1978) ("This court has found equitable relief appropriate when a agency misleads or misdirects a claimant so as to prevent the claimant from seeking an administrative remedy."); *Whittington*, 80 F.3d at 474 (citing inconsistencies (not at issue here) between 5 C.F.R. and 29 C.F.R., the court stated, "This reflects the confusion that has plagued the Board and EEOC [concerning] dual jurisdiction over mixed case complaints, and should give the Board a sympathetic ear toward pro se appellants . . . who are confused about mixed case procedure."). As this court reads the law (and it does not claim to be incapable of misreading the complex provisions at issue here[10]), on October 20, 1997, Lozado-Boulware had a right to present her discrimination claims to the MSPB rather than withdraw them entirely. Thus, it is important to know whether she was correctly advised of that

---

[10]*See Sloan*, 140 F.3d at 1256 ("In this appeal, we shall attempt to loosen the jurisdiction Gordian knot formed when Title VII and civil service administrative claims are interlaced.").

11

at an appropriate time. If she was not, a question arises as to what consequences should flow therefrom.

In addition, there is evidence in the record that Lozado-Boulware may have filed an EEO complaint within 45 days after her termination. Lozado-Boulware represented on her appeal form to the MSPB that she had filed such a complaint with the Agency on July 8, 1997 (which was after she received notice of removal, albeit shortly before it became effective). It should be established whether the EEOC record contains such a complaint. If she did not even file such a complaint, then there is a question whether her April 1997 EEO complaint preserves her rights under the "like or reasonably related" doctrine. *See Jenkins* v. *Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) ("The correct rule to follow in construing EEOC charges for the purposes of delineating the proper scope of a subsequent judicial inquiry is that the complaint in the civil action . . . may properly encompass any . . . discrimination like or reasonably related to the allegations of the charge and growing out of such allegations.")

In summary, there is a genuine issue of material fact as to whether governing equitable principles excuse Lozado-Boulware from failing to preserve her discrimination claims. For this reason, summary judgment will be denied without prejudice. The Secretary may renew his motion, providing all relevant evidence, including the transcript of the hearing before the MSPB administrative judge and any evidence of a July 1997 EEO complaint filed with the Agency.

**B.     Failure to State a Claim**

The remaining allegations are those claims that Lozado-Boulware did properly raise before the EEOC based on her April, 1997 EEO complaint, namely that the February 24, 1997 notice of proposed removal and alleged failure to process her OWCP claim were discriminatory.

12

The Secretary argues that these allegations fail to state a claim upon which relief may be granted because both the notice of proposed removal and the delays processing her OWCP claim were not adverse employment actions. As to the matter of the proposed removal, the court reserves ruling until the equitable issues addressed above are resolved.

As to the OWCP issue, plaintiff's form complaint merely attaches the Office of Federal Operations decision as the basis of her claims, but her response to this motion does not indicate that she intends to claim in this court that delay in processing her OWCP claim was discriminatory. To the extent Lozado-Boulware's complaint does attempt to claim that delay in processing her OWCP claim was discriminatory, she fails to allege a claim upon which relief may be granted. *See, e.g., Haywood* v. *Lucent Technologies, Inc.*, –F.3d–, 2003 WL 1400496, at *5 (7th Cir. 2003) ("At minimum, the employee must be able to show a quantitative or qualitative change in the terms or conditions of employment. The alleged one-month delay in Haywood's transfer was neither sort of change. Her duties, responsibilities, compensation, and benefits remained the same during this period, and Haywood does not allege that the delay affected her opportunities at Lucent or otherwise injured her career."). Thus, any claim regarding OWCP delay is dismissed with prejudice.

## CONCLUSION

For the reasons stated above, The Secretary's motion for summary judgment [#4] is granted in part and denied in part without prejudice.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 28, 2003

13