# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2712 | **DATE** | 12/14/2004 |
| **CASE TITLE** | Sandra Lozado-Boulware vs. Snow | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, defendant's motion for summary judgment [#30] is granted. Judgment is entered in favor of the defendant and against the plaintiff. All future date are stricken, including trial date of 1/4/05. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | **DEC 15 2004** | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 47 |
| X | Mail AO 450 form. | | GMA docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/14/2004 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA LOZADO-BOULWARE,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN W. SNOW, Secretary, Department of the Treasury,<br><br>Defendant. | No. 02 C 2712<br>Judge Joan H. Lefkow |

**DOCKETED**

**DEC 1 5 2004**

## MEMORANDUM OPINION AND ORDER

In this action brought by Sandra Lozado-Boulware ("Lozado-Boulware") alleging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.*, defendant, John W. Snow, Secretary of the Department of Treasury ("the Agency"), has moved for summary judgment under Rule 56, Fed. R. Civ. P., and for the reasons set forth below, the court grants the motion.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the nonmoving

47

party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the nonmoving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## BACKGROUND

Lozado-Boulware was employed by the Agency, within the Internal Revenue Service, in Chicago. On October 25, 1996, Lozado-Boulware was involved in a confrontation with a co-worker, Jeffrey Murdock The parties have strikingly different versions of what occurred.

On January 7, 1997, Lozado-Boulware contacted an EEO counselor at the Agency claiming discrimination on the basis of color, race, national origin and sex. According to her own report, she went to the counselor after she received a hand written note from her direct supervisor indicating that "Inspection want to see me regarding the subject of a criminal case, in reference to the incident [of] October 25, 1996, involving Jeff Murdock and Myself." (Def. Ex. 8, p. 21)

On February 24, 1997, the IRS provided Lozado-Boulware a letter informing her that the Agency proposed to fire her because of her conduct during the incident.

On April 16, 1997, Lozado-Boulware formalized her January EEO contact by filing an Individual Complaint of Employment Discrimination ("EEO complaint") with the Agency. This complaint, although drafted and filed after the notice of proposed removal, makes no mention of

2

it; neither did the EEO counselor advise Lozado-Boulware that a proposed removal was not an adverse employment decision for the purpose of an EEO complaint.[1] Rather, the complaint set out details of the Murdock incident and accused the Agency of discrimination based on race, sex and age because of "a blatant disparity of treatment . . . by the manager, Louise A. Shultz . . . between Jeff [Murdock] and myself regarding the incident." (Def. Exh. 6.)

Nevertheless, the Agency's Regional Complaint Center in a notice dated April 30, 1997 notified Lozado-Boulware it had accepted the EEO complaint for processing and investigation of two issues, the first being whether Lozado-Boulware was discriminated against when the Agency provided her the letter proposing her removal.

By letter dated June 27, 1997 (which bears Lozado-Boulware's acknowledging signature as of July 3, 1997), the Agency informed Lozado-Boulware that the reasons for her removal had been sustained and that she would be removed effective July 11, 1997. This notice of removal also informed Lozado-Boulware that she could appeal the agency action to the Merit Systems Protection Board ("MSPB"). Further, it advised Lozado-Boulware that if she believed the decision was based on impermissible discrimination she could appeal both the discrimination and non-discrimination claims to the MSPB or file an equal employment opportunity ("EEO") complaint with the Agency. (*Id.*) The termination letter fully explained Lozado-Boulware's appeal rights under the relevant MSPB and EEO regulations (attaching relevant MSPB and

---

[1] Defendant objects to this evidence on grounds of hearsay. It is not hearsay because the truth of the (non)statement is not an issue. The out-of-court declarant made or did not make a statement. The content of the statement (if made) is in the nature of "performative utterances," which "are not within the scope of the hearsay rule, because they do not make any truth claims." *United States* v. *Montana*, 199 F.3d 947, 950 (7th Cir. 1999). Whether the statement was not made is a test of Lozado-Boulware's credibility, and she can be cross-examined.

3

EEOC regulations), the applicable time limits, and contact information for both the MSPB and the Equal Employment Opportunity Commission ("EEOC").

After receiving the June 27 notice of removal and advice, Lozado-Boulware did not file another EEO complaint. On July 8, 1997 she received notice that her EEO complaint had been dismissed for lack of jurisdiction and she requested an EEOC hearing.

Lozado-Boulware filed a timely appeal with the MSPB on August 6, 1997. In this appeal, in addition to asserting her non-discrimination claims, Lozado-Boulware, who was then represented by counsel, alleged that her removal was based on race and sex discrimination. Her appeal also recited that she had filed a formal discrimination complaint with the Agency on July 8, 1997 although, in fact, she had not.

On August 12, the MSPB questioned its jurisdiction to hear the appeal because of the pending EEO complaint noted on the appeal.[2] Lozado-Boulware's counsel responded that the MSPB had jurisdiction because more than 120 days had passed since Lozado-Boulware filed her EEO complaint.[3] He next stated (inexplicably, because the discipline, the proposed removal and the removal all arose from the same event and all resulted in termination) that the EEO complaint did not concern the termination or the proposed termination. Rather, "although evolving out of

---

[2] The communication from the MSPB is not of record. Lozado-Boulware's counsel, however, responded to the notice. Govt. Exh. 15. The jurisdictional issue arose because regulations provide that where an EEO complaint is filed first, the MSPB dismisses the mixed case appeal without prejudice, 5 C.F.R. § 1201.154(c), and advises the employee that she must file her appeal to the MSPB within 30 days after resolution of or final decision on the EEO complaint, see 5 C.F.R. § 1201.154(b)(1), or if 120 days has passed without an agency decision on the EEO complaint, the employee may appeal directly to the MSPB, i.e., proceed with a mixed case appeal. 5 C.F.R. § 1201.154(b)(2).

[3] Counsel counted the 120 days from the January 7 contact but the proper date from which to measure is the filing of the formal EEO complaint on April 16. 5 C.F.R. §1201.154(b)(2). 120 days would have passed on August 14, 1997. Thus, the MSPB could have taken jurisdiction over the discrimination claims raised in the EEO complaint about the time of this response.

4

the same nucleus of operative facts [the EEO issues] are not the same issues which are before the EEOC." (Def. Ex. 15).

According to a memorandum of a telephone prehearing conference with an MSPB administrative judge, dated October 6, 1997, Lozado-Boulware's counsel asserted discrimination claims, as evidenced by the administrative judge's outline of the Agency's responsibilities of proof regarding the removal reciting that Lozado-Boulware was asserting race and sex discrimination as affirmative defenses to her removal. In setting out Lozado-Boulware's responsibilities of proof of the sex discrimination portion, the memorandum refers to the incident from which the April EEO complaint (and the termination) arose: "[T]he appellant's representative identified Jeffrey Murdoch [*sic*] as the comparison employee upon which her claim of sex discrimination is based." (Def. Ex. 16)

During a hearing that commenced on October 20, 1997, Lozado-Boulware withdrew her race and sex discrimination allegations from her MSPB appeal. The record does not reveal why counsel withdrew them. (The transcript of the MSPB hearing was not provided by either party although it is presumably available under 5 U.S.C. § 7701(a)(1)).

Lozado-Boulware personally did not understand at that time that withdrawal of those claims would foreclose her from pursuing her discrimination claims in connection with her EEO complaint. No one ever explained to her the ramifications of withdrawing the discrimination claims at the MSPB.

On December 15, 1997, the EEOC notified Lozado-Boulware that an EEOC administrative judge proposed dismissing Lozado-Boulware's EEO complaint pursuant to

29 C.F.R. § 1614.107(a)(5), on the basis that the claim rested on a proposed, rather than actual, removal.[4]

Back at the MSPB, in a decision dated December 17, 1997, the administrative judge affirmed the Agency's removal action.

On January 30, 1998, the Agency adopted the administrative judge's recommended decision and issued a Final Agency Decision rejecting Lozado-Boulware's EEO Complaint.

Lozado-Boulware petitioned *pro se* for a review by the full MSPB of the administrative judge's decision. The petition was denied on July 9, 1998. Lozado-Boulware, represented by a different attorney from her counsel at the administrative hearing, appealed that decision to the United States Court of Appeals for the Federal Circuit. The court of appeals denied her appeal on November 2, 1999. *Boulware v. Dep't of the Treasury*, No. 98-3337, 1999 WL 515479 (Fed. Cir. 1999). Lozado-Boulware did not raise discrimination claims on either her petition or her appeal.

Lozado-Boulware also appealed the EEOC's decision to the EEOC Office of Federal Operations, which rejected her appeal on March 5, 1999. *Lozado-Boulware v. Rubin*, Appeal No. 01982681, 1999 WL 139398 (EEOC March 5, 1999). In that decision, the Office of Federal Operations took judicial notice that the Board had finally upheld the removal on July 9, 1998. Lozado-Boulware filed a Request for Reconsideration which was denied on July 30, 2001 and she filed this action on October 25, 2001.

---

[4]29 C.F.R. § 1614.107(a)(5) provides for dismissal of an EEO complaint which " . . . alleges that a proposal to take a personnel action, or other preliminary step to taking a personnel action, is discriminatory."

The Secretary moved to dismiss, which this court treated as a motion for summary judgment. On March 28, 2003, this court issued a decision and order denying summary judgment based on its conclusion that there was a material issue of fact as to whether Lozado-Boulware knowingly waived her discrimination claims:

> Lozado-Boulware could have raised her EEO claims before the MSPB and she did not, or she could have dismissed her MSPB appeal in order to pursue her EEO claims at the Agency and she did not.[5] Thus, she cannot litigate them now.
> Having said this, however, the court believes summary judgment must be denied without prejudice because it is not absolutely clear that Lozado-Boulware knowingly waived her Title VII claims, for the following reason. The record does not reflect whether the MSPB administrative judge appropriately advised Lozado-Boulware of her choices at the time she withdrew her discrimination claims. Discrimination laws are remedial and are to be construed liberally in favor of the employee. This is particularly appropriate where the employee is misled or is understandably confused by the complexity of the process. . . . As this court reads the law . . . on October 20, 1997, Lozado-Boulware had a right to present her discrimination claims to the MSPB rather than withdraw them entirely. Thus, it is important to know whether she was correctly advised of that at an appropriate time. If she was not, a question arises as to what consequences should flow therefrom.
> In addition, there is evidence in the record that Lozado-Boulware may have filed an EEO complaint within 45 days after her termination. Lozado-Boulware represented on her appeal form to the MSPB that she had filed such a complaint with the Agency on July 8, 1997 (which was after she received notice of removal, albeit shortly before it became effective). It should be established whether the EEOC record contains such a complaint. If she did not even file such a complaint, then there is a question whether her April 1997 EEO complaint preserves her rights under the "like or reasonably related" doctrine. . . .
> In summary, there is a genuine issue of material fact as to whether governing equitable principles excuse Lozado-Boulware from failing to preserve her discrimination claims. For this reason, summary judgment will be denied without prejudice. The Secretary may renew his motion, providing all relevant

---

[5] If she had done either, the final judgment on the merits would not have been in the Federal Circuit but in a district court. Because she did neither, her final judgment on the merits was in the Federal Circuit, which has no jurisdiction over discrimination claims. But the fact that the Federal Circuit could not have decided the discrimination claims does not exempt Lozado-Boulware from the *res judicata* principles because her own choice not to pursue her EEO claims landed her in the Federal Circuit rather than the district court, which has jurisdiction over discrimination claims.

evidence, including the transcript of the hearing before the MSPB administrative judge and any evidence of a July 1997 EEO complaint filed with the Agency.

*Lozado-Boulware v. Snow*, 2003 WL 1786856, at *5 (N.D.Ill. 2003).

## DISCUSSION

The defendant has renewed his motion for summary judgment, asserting that (1) the court lacks jurisdiction to hear plaintiff's claims based on her termination; (3) plaintiff is barred by the doctrine of *res judicata* from filing a discrimination complaint challenging the merits of the Agency's termination decision; (3) because plaintiff did not challenge her termination through an EEO complaint, she cannot challenge her termination in district court; (4) even if the claims are not otherwise barred, they are not actionable because the EEO complaint was based on a proposed removal, which is not an adverse personnel action; and (5) even assuming the challenge to termination is properly before the court, plaintiff has not demonstrated a prima facie case of discrimination. Plaintiff responds that her claim is not barred for equitable reasons, specifically that the government has failed to demonstrate that plaintiff was advised of the consequences of withdrawing her claims before the MSPB and she did not understand that withdrawal of her claims would foreclose pursuit of them through the EEOC; that her EEO complaint challenging her proposed removal is like or reasonably related to the allegations of her complaint and should not be dismissed; and that genuine issues of fact on the merits of the claim preclude summary judgment.

Concerning "jurisdiction" (which is a misnomer but not important here), defendant argues that plaintiff knowingly abandoned her discrimination claims at the MSPB hearing and therefore did not exhaust her administrative remedies as she must. *See Gibson v. West*, 201 F.3d 990, 994

8

(7th Cir. 2000) ("[T]he failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement."). Neither, it argues, can plaintiff claim ignorance where the Agency advised her of her rights to appeal her removal, provided contact information for both the EEOC and the MSPB, and she was represented by counsel when she withdrew her discrimination claims. Defendant relies on *Economou v. Caldera*, 286 F.3d 144 (2d Cir. 2000). There the plaintiff filed an appeal with the MSPB indicating that he had also filed an EEO complaint when in fact he filed his EEO complaint *after* he filed the appeal. He then notified the MSPB that he would withdraw his appeal and proceed via the EEO avenue on his complaint. The MSPB dismissed the appeal and, after he exhausted his EEO remedy, plaintiff sued in district court. The court affirmed the district court's dismissal for failure to exhaust administrative remedies on the basis that plaintiff elected the MSPB forum and was required to exhaust his administrative remedies in that forum. *Id.* at 148. Further, plaintiff's earlier EEO complaints concerning other matters did not suffice to satisfy the formal filing requirement. *Id.* at 149 n.8.

Although the Seventh Circuit has never addressed this issue, the reasoning of *Economou* is consistent with the statutory scheme, and this court has no reason to believe the Seventh Circuit would rule otherwise. *See Chaney v. Rubin*, 986 F.Supp. 516, 520-21 (N.D.Ill. 1997) ("[O]nce an employee has chosen which agency (MSPB, EEOC, or the employing agency) he wishes to adjudicate his claims in the first instance, he is required to stay on his chosen path and to exhaust his remedies there before proceeding onward.") (internal citations omitted).

The amplified record demonstrates that plaintiff never filed an EEO complaint challenging the final agency decision. There is no question that Lozado-Boulware was advised in

9

her notice of removal that if she contended discrimination was involved she could contact an EEO counselor (leading to an EEO complaint). Although plaintiff responded to every notice in pursuit of her remedies, she did not file an EEO complaint but rather filed her appeal with the MSPB. Therefore, under applicable regulations, she had nothing to pursue through the EEOC and her only available forum was the MSPB.[6]

Plaintiff contends, however, that her EEO complaint suffices as a challenge to the final agency decision because a challenge to the proposed removal[7] is like or reasonably related to a challenge to a final agency action. *See Jenkins* v. *Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) ("The correct rule to follow in construing EEOC charges for the purposes of delineating the proper scope of a subsequent judicial inquiry is that the complaint in the civil action . . . may properly encompass any . . . discrimination like or reasonably related to the allegations of the charge and growing out of such allegations."). Under *Economou*, the EEO complaint would not satisfy the formal filing requirement. But even if that complaint is treated as such under the like or reasonably related doctrine, plaintiff still had to make an election of forum.

The amplified record further reflects that plaintiff initially presented her discrimination claims to the MSPB in considerable detail (as reflected in the prehearing memorandum), which allays this court's concern that plaintiff may have reasonably believed that her EEO claims were

---

[6]Furthermore, had plaintiff filed an EEO complaint after the effective date of her termination as the notice advised, her appeal to the MSPB would have been dismissed on jurisdictional grounds unless she presented those claims to the MSPB.

[7]Although plaintiff did not actually complain about the proposed removal, the Agency treated it as such and the parties agree that the EEO complaint concerned the proposed removal.

at the Agency rather than at the MSPB. Moreover, this court previously raised the issue whether the administrative judge advised the plaintiff that her EEO claims would be foreclosed if she withdrew them. Because defendant has no evidence that she did, the court finds that she did not. There appears to be no regulation imposing such a duty, however, and under the circumstances as set out above, the court is not persuaded that plaintiff should be excused from her clear election of the MSPB forum to hear her EEO claims. *See Edgewater Hosp., Inc. v. Bowen,* 857 F.2d 1123, 1138 (7th Cir. 1988) *as amended,* 866 F.2d 228 (7th Cir.1989) (holding that, in addition to the traditional private law elements of the estoppel doctrine, the party asserting estoppel against the government must also establish that the government's action amounted to affirmative misconduct). The requirement to elect a forum is explicit in the regulations at 29 C.F.R. § 1514.302(b), which plaintiff herself received,[8] and by all reasonable inferences her counsel understood that as well. *See Harris v. Cook County Hosp.* 971 F.Supp. 329, 331 (N.D.Ill.1997), citing *Jones v. Baskin, Flaherty, Elliot and Mannino, P.C.,* 738 F.Supp. 937, 940 (W.D.Pa.1989) (collecting cases where equitable tolling not applied even though EEOC misled plaintiff regarding limitations period, but emphasizing that those cases involved plaintiffs who were represented by counsel); *cf. Keyse v. California Texas Oil Corp.,* 590 F.2d 45, 48 (2d Cir.1978) ("The record shows that she had counsel during that period, and we cannot enlarge the doctrine of equitable estoppel against a defense of untimeliness in such a case."). As stated in *Economou,*

---

[8]Under regulations governing MSPB appeals, specifically 29 C.F.R. § 1614.302(b), the Agency is required to give notice to the employee of the rights to file a mixed case complaint or a mixed case appeal and the procedures applicable for each. The notice must advise the employee "that he or she may not initially file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum." Id. The notice itself fails to say this. By contrast the notice of removal advised Lozado-Boulware that she also had the alternative of pursuing binding arbitration through her union, but "[u]nder no condition may you appeal this action to both MSPB and arbitration." Def. Ex 3. Notice of Removal p. 4.

11

"the principles binding [plaintiff] to his first choice of forum are not new. As stated in the regulations and echoed in this Court's prior decisions, a plaintiff is bound to exhaust administrative remedies in the forum in which he first files a formal petition. Neither a pre-petition inquiry to another agency, nor the apparently harsh result in this case, alters this rule." 286 F.3d at 150.

The only evidence suggesting that plaintiff's EEO complaint remains viable is found in the conduct of the Agency when it continued to process the complaint long after it should have been dismissed. Plainly, the Agency should have dismissed the EEO complaint in April, 1997 rather than accept it for investigation simply to dismiss it eight months later on jurisdictional grounds because it challenged a proposed removal. Had it done so, even without appropriate advice to Lozado-Boulware, plaintiff would have known in July that her EEO complaint had been dismissed in this respect and could have no arguable excuse for failing to file an EEO complaint after the removal was final.

The Agency also should have dismissed the EEO complaint at the time the MSPB assumed jurisdiction. Under 29 C.F.R. § 1614.302(c)(ii), once the MSPB "administrative judge finds that MSPB has jurisdiction over the matter, the agency shall dismiss the mixed case complaint pursuant to § 1614.107(d), and advise the complainant of the right to petition the EEOC to review the MSPB's final decision on the discrimination issue." But neither of these errors changes the reality that plaintiff elected to challenge her removal in the MSPB forum. Because she did not exhaust her administrative remedies as to those claims, she is barred from pursuing them in this case. Furthermore, for the reasons previously stated, *Lozado-Boulware v. Snow*, 2003 WL 1786856 (N.D.Ill. 2003), because plaintiff failed to present her discrimination

12

claims on direct appeal from the MSPB, the doctrine of *res judicata* precludes her from litigating them here.

## ORDER

Defendant's motion for summary judgment is granted [#30]. The Clerk is directed to enter judgment in favor of the defendant.

ENTER: *Joan H. Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: December 14, 2004